## RILL *v.* GARRITY.

EASEMENTS—DEED, EXECUTION OF—LOST INSTRUMENTS.
    Evidence tending to show that defendants executed a deed
    under a misunderstanding as to its effect, considered and
    *held,* to be insufficient to defeat complainants' bill to establish
    a private alley in pursuance of the provisions of the instru-
    ment, that had become lost or mislaid.

Appeal from Wayne; Murfin, J.   Submitted Novem-
ber 14, 1912.   (Docket No. 102.)   Decided January 3,
1913.

Bill by Harry J. Rill and others against John Garrity
and others for the establishment of an alley pursuant to
provisions of a lost deed.   From a decree for complainants,
defendants appeal.   Affirmed.

*James H. McDonald,* for complainants.

*Navin, Sheahan & Kennary,* for defendants.

KUHN, J.   This controversy is over a strip of land nine
feet wide, used as an alley, in the rear of the premises of
the parties to this litigation, who reside on Antoinette

street, in the city of Detroit. Originally the lots faced on Fifteenth street, but as Antoinette street was considered a better street by Joseph Colwell, who was at one time the owner of the premises, he redivided the lots into four parcels and built houses on them to face Antoinette street, laying out a strip nine feet wide, running from the old alley to Fifteenth street, for a private alley in the rear of the buildings.

Complainant Harry J. Rill purchased one of these lots, and when he had his abstract of title examined discovered that there was some doubt about the record title of this alley. He employed an attorney to prepare a deed, which was signed by all four lot owners along this strip of land. By this deed the nine feet should be conveyed to the city of Detroit as a public alley, if the city of Detroit would accept it; if not, then that each of the parties did convey his interest in that strip to the others, "for the purposes of a private alley, with a right of free and unobstructed ingress and egress, and also for any and all other purposes over and across said land for which a public alley is or may be used," etc.

This deed was properly executed by all the parties and their wives, and duly acknowledged and delivered to the city of Detroit, with a petition asking that it be accepted as a public alley. This petition, after having been referred back by one committee of the common council and taken up by another, was denied, for the reason that it was the policy of the city to accept nothing as a public alley less than 18 feet wide. Subsequently, when this deed was demanded back for the purpose of recording it as a deed for a private alley, it was lost, and could not be found. The complainants thereupon filed their bill to establish and confirm the deed by which the alley was re-dedicated as a private alley. It is also claimed here, although it does not appear to have been urged upon the court below, that the 9 feet became an alley by long user. A fair reading of the bill of complaint, however, shows that the

only right sought thereby was the establishment and confirmation of the lost deed.

The defendants' position is that the instrument which they signed was represented to them by Mrs. Rill as a petition to the common council of the city of Detroit, requesting the said common council to accept the 9-foot strip in question as a public alley; that Mrs. Rill stated that if the common council did not accept it the petition would be returned to the defendants or destroyed, and that, relying entirely upon the representations and statements made to them by Mrs. Rill, they, without reading the paper, signed the same; that if the instrument which they signed was the lost deed, and they had known that it contained a deed for a private alley, they never would have signed it.

After the paper was drafted, Mrs. Rill took it to the defendants, and they admit that it was left with them overnight, and they signed it the next evening. Mrs. Rill testified that they had the deed two or three weeks. The notary who took the acknowledgment of Mr. and Mrs. Garrity testified that he asked them if it was their free act and deed, and whether they knew the nature of the paper they signed, and they answered that they did know the nature of the paper, and that it was their free act and deed. Mr. Hanna, who is a neighbor of the Garritys, testified:

" Mr. Garrity owns the two [lots] on the west of me. Mr. Garrity did not buy those two on the west at the same time. He bought the one next to me first. I could not say how long afterwards that he bought the one on the corner. It was more than a few weeks. I have talked with Mr. Garrity about this alley. This talk that I now speak of was before he purchased the corner. We used to talk about the alley, and he was always very anxious that there should be an alley there. He had those bought at the start off, as I understand, from the People's Savings Bank, and when he heard there was no alley he withdrew his offer. He wanted to back out of the bargain. They persuaded him, or convinced him, that there

173 MICH.—33.

was an alley there, and the deal went through. Then afterwards he brought up this curb business. He got to talking to me about having that cut down; wanted to know why that curb was not cut down for that alley. He said: 'I will have to see Mr. Haarer about that, and get that cut down.' So Mr. Haarer says he did see him, and got it cut down, for the purpose of using it for an alley. The curb was cut down; yes. I know nothing more about making this deed between the then owners of the property about the private alley than that we all signed it."

The deed is short, covering only one page, in simple and plain language. It can easily be understood, and appears to be an equitable and fair arrangement.

The trial judge had the witnesses before him, and heard the testimony as given on the witness stand. At the close of the hearing he found—

"That the proof in this case shows quite clearly that the deed set forth in the bill of complaint was signed, acknowledged, and executed by these people."

We are satisfied that this conclusion was justified by the record in this case.

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.